JEROME A. OSBORN, Appellant, *v.* STERLING ROBBINS et al., Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

Where the answer averred that the note in suit had been obtained through conspiracy to extort money, of which the plaintiff had knowledge,—*Held*, that there was no charge that plaintiff had been concerned in the conspiracy, and the declarations of the conspirators were not evidence against him.

Declarations of a former holder of a note are not competent evidence against any person deriving title from him.

THIS was an appeal from a judgment entered on the verdict of a jury.

The action had been previously tried, but the judgment therein reversed by the Court of Appeals. (*Vide* 36 N. Y., 365.) The facts are stated in the opinion.

*John D. Kernan*, for the appellant.

*Waterman & Hunt*, for the respondents.

Present—MULLIN, P. J., TALCOTT and JOHNSON, JJ.

By the Court—MULLIN, P. J. This action was brought to recover the amount due on a promissory note for $500 made by the defendants, Sterling Robbins and Giles Robbins, payable in one year from date, with interest, to Burrell Rice and Esther Jane Rice, or bearer, and dated the 13th January, 1860.

1st. The defences were, that the note was obtained by extortion, duress and fraud, and to procure the settlement and abandonment of criminal proceedings instituted by the payees of the note against Sterling Robbins for rape upon said Esther, wife of said Burrell Rice, and that the plaintiff took it with knowledge of the purposes for which it was taken.

Osborn *v.* Robbins.

2d. That it was without consideration, which fact was known to the plaintiff.

3d. That Rice and wife caused said Sterling to be arrested upon a charge of rape upon said Esther and to be taken before a justice in the village of Herkimer, and that said note was given to procure the release of said Sterling from said arrest, and that said proceedings were instituted in order to extort said note, the said charge being false and unfounded.

4th. That before giving the note said alleged wrong was settled and adjusted between the parties.

On the trial the defendant was permitted to prove, notwithstanding the plaintiff's objection, that Burrell Rice on the Sunday after the arrest told Horace Farmington that he (Rice) had settled the matter with Sterling Robbins for fifty dollars; that he had arrested Sterling and been to Herkimer, and they had settled the matter by taking a $500 note, and Sterling was left at large; that he had consulted the plaintiff, and he had advised him that he should have him arrested; that he might as well have $500 as fifty dollars.

The reception of the evidence is sought to be justified on the ground that a conspiracy existed, of which the plaintiff was a member, to cause said Sterling to be arrested on a false charge, and thereby compel the payment by him of $500 in order to settle and compromise it, and that the plaintiff was a party to such a conspiracy; and therefore the declarations of one of the conspirators was competent evidence against the other.

The difficulty with this reasoning is that it has no foundation in fact. There is no charge in the answer that the plaintiff was a party to any conspiracy to accomplish the object suggested or any other. The charge is that he knew when he took the note that it was made for an unlawful purpose, and therefore he was not a *bona fide* holder.

The declarations of Rice were those of a former holder of the note, and not competent against any person deriving title from him, and most certainly not against the plaintiff, who is a holder for value, although it may be with notice.

The evidence thus improperly received was material upon the question of the purpose for which and the circumstances under which the note was given, and as affecting the *bona fides* of the plaintiff's ownership.

The judgment must be reversed and a new trial ordered, costs to abide the event.

Judgment reversed.